UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODY LANE o/b/o R.W.,

    Plaintiff,

v.                                                        Case No. 8:20-cv-647-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Jody Lane, filed this action on behalf of her minor son, R.W., seeking judicial review of the final decision terminating Plaintiff R.W.'s period of disability and supplemental security income (SSI) benefits. *See* 42 U.S.C. § 405(g). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed.

**I.    Procedural Background**

Plaintiff filed an application on behalf of her minor son, R.W., for a period of disability and SSI benefits, alleging disability since March 21, 2010 (Tr. 77). In a decision dated October 28, 2011, an ALJ found that R.W. had been under a disability as defined in the Social Security Act since March 21, 2010 (Tr. 77-82). Years later, in accordance with its regulations, the Social Security Administration (SSA) re-evaluated Plaintiff's entitlement to benefits. *See* 20 C.F.R. § 416.994a(a). The SSA determined that, as of April 29, 2016, Plaintiff was no longer disabled (Tr. 107-117). Plaintiff then requested an administrative hearing (Tr. 133). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 7-32).

1

Following the hearing, the ALJ issued an unfavorable decision finding R.W.'s disability ended on April 16, 2019 (Tr. 10-26). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

R.W. was born on October 18, 2005, and was a preschooler on March 21, 2010, the alleged disability onset date (Tr. 80). In a decision dated October 28, 2011, an ALJ found R.W. suffered from the severe impairments of developmental delay, mood disorder, and anxiety disorder that functionally equalled the severity of the Listings of Impairments (20 C.F.R. 416.922a) (Tr. 80). The ALJ found R.W.'s impairments caused marked limitations in his ability to interact and relate to others and his ability to care for personal needs (Tr. 80). Thereafter, in accordance with the statutory requirement that a child's continued entitlement to benefits must be reviewed periodically, a SSA hearing officer found that R.W. experienced medical improvement since the October 28, 2011 ALJ final decision, known as the "comparison point decision" or "CPD" (Tr. 107-117). Plaintiff challenged this decision at the administrative level. After an administrative hearing, a different ALJ found that "[s]ince April 29, 2016, the impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments" (Tr. 15). The ALJ made this finding after determining the degree of Plaintiff's limitations in each of six functional domains (explained in the next section). At CPD, the ALJ had opined that R.W.'s impairments resulted in marked limitations in the domains of interacting and relating with others and caring for himself; upon review the second ALJ opined that since April 29, 2016, he only has marked

limitation in the domain of interacting and relating to others (Tr. 25). Consequently, the ALJ concluded R.W. was no longer disabled and terminated R.W.'s benefits. The Appeals Council denied review (Tr. 1-3). Plaintiff, having exhausted her administrative remedies, filed this action.

## III.   Legal Standard

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. § 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(c). If he does not, the child is considered not disabled. *Id.* If there is a severe impairment, the third (and final) step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. § 416.924(d).

For both adult and children, a claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 416.994a(a). When an ALJ is determining whether a child's disability has ended, the regulations mandate following a different sequential inquiry that focuses on medical improvement. *See* 20 C.F.R. § 416.994a(a)(1). First, the ALJ must determine if the claimant has experienced medical improvement since his last CPD.[1]  *Id*. Medical improvement is any decrease in the medical severity of the

---

[1] In a cessation of benefits case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the claimant has experienced "medical improvement." *Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017); *see Townsend v. Comm'r of Soc. Sec.*, No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015).

impairments that were present and documented in the CPD. 20 C.F.R. § 916.994a(c). If there has been no medical improvement, then the claimant's disability continues unless an exception to medical improvement applies. If there has been medical improvement, the ALJ proceeds to step two. 20 C.F.R. § 916.994a(b).

At step two, if the CPD determined the claimant was disabled based on an impairment meeting or medically equaling a listing (as is the case here), the ALJ must determine if the claimant's impairments now meet or medically equal that same listing (as it was written at the time of the CPD). 20 C.F.R. § 916.994a(b)(2). If they do, the claimant's disability continues unless an exception to medical improvement applies. If they do not, the ALJ must determine if the impairments that formed the basis of the CPD now functionally equal a listing.

For a child's impairments to functionally equal a listing, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. A child has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. *Id.* A child has an "extreme" limitation when the child's impairment interferes very seriously with his ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function. *Id.*

In assessing functional equivalence, the fact finder considers the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for

himself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child shows medical improvement, and his impairment that forms the basis of the CPD now functionally equals the listing, then his disability continues. 20 C.F.R. §§ 416.926a, 416.994a(b). If there is no functional equivalence, the ALJ proceeds to step three.

At step three, the ALJ must determine if the claimant is disabled under the regulations applicable to children, considering all the impairments the claimant has at present, including any that were not considered in the CPD. 20 C.F.R. § 416.994a(b)(3). This involves utilizing the sequential analysis applicable to children as stated in the first paragraph of this section. As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005).

**IV.   Analysis**

The only issue is whether the ALJ erred by finding medical improvement. Plaintiff argues the ALJ's conclusion that R.W. experienced medical improvement between October 28, 2011 (the date of his CPD), and April 29, 2016 (his disability cessation date as determined by the agency) is not supported by substantial evidence. The Commissioner disagrees, stating substantial evidence supports the ALJ's finding of medical improvement. Upon

consideration, this Court finds that because the ALJ failed to compare the pre-CPD evidence with the post-CPD evidence, her conclusion that R.W.'s disability ceased is not supported by substantial evidence.

To determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *Klaes v. Comm'r of Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012); *see* 20 C.F.R. § 416.994a(b)(1). A cursory comparison is insufficient. "The ALJ must 'actually compare the previous and current medical evidence to show that an improvement occurred.'" *Klaes*, 499 F. App'x at 896 (quoting *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984). "If the ALJ fails to evaluate the prior medical evidence and make such a comparison, we must "reverse and remand for application of the proper legal standard.'" *Id.* (quoting *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)).

Here, in finding medical improvement, the ALJ failed to engage in the proper comparison of the original medical evidence and new medical evidence. Rather, in concluding that as of April 29, 2016 R.W. experienced a "decrease in medical severity of the impairments present at the time of the CPD," the ALJ relied only on post-CPD records from November 2012 through 2018, belying the Commissioner's argument that the ALJ conducted a meaningful review of the old and the new evidence. The ALJ referred to the CPD at the outset of her decision (Tr. 13), indicating that at the time of the CPD, the claimant had the medically determinable impairments of "developmental delay, mood disorder, and anxiety disorder" that were "found to functionally equal the listings (20 C.F.R. 416.924(d) and 416.926a)" (Tr. 13-14). However, the ALJ discussed only the medical evidence from 2012

through 2016, and not the previous medical evidence that supported the final agency decision finding R.W. disabled.  The ALJ's cursory statements that R.W. previously received speech therapy due to a developmental delay and that he was discharged from therapy in November 2012 due to improvement are insufficient (Tr. 14).  Similarly, the ALJ's detailed discussion of fourth grade teacher Holly Stapleton's assessment fails to support her conclusion that R.W.'s behavior had improved (Tr. 14).[2]  The ALJ also referred to a report from R.W.'s mother that indicated R.W. was no longer in psychiatric treatment; a September 2014 discharge record from The Centers showing R.W. "still had anxiety and frustration issues, but was less aggressive and was maturing"; a 2015 teacher questionnaire that indicated R.W. worked at grade level, did not receive the assistance of an individual education plan, and earned mainly A's and B's; and to a 2016 psychological consultative exam that showed R.W. had mild speech articulation problems but could easily be understood, had appropriate hygiene and grooming, was not hyperactive, and had relevant, coherent, and organized thoughts (Tr. 15).  All of these sources pertain to the post-CPD timeframe.  As a result, the ALJ's conclusion that "… the medical evidence indicates that there has been medical improvement to claimant's conditions since the CPD, as the evidence shows that the claimant is able to sustain adequate concentration, pace and persistence and is of average intelligence"

---

[2] The ALJ indicated Stapleton reported R.W.'s reading, writing, and written language skills were above fourth grade level and, he had no problems acquiring and using information, moving about and manipulating objects, and he had only a slight to obvious problem waiting to take turns, changing activities, organizing, and working without distracting others (Tr. 14).  The ALJ also indicated Stapleton reported R.W. "had no problems paying attention when spoken to, sustaining attention and concentration, focusing, and refocusing, carrying out single and multistep instructions, completing class and homework, completing work accurately without careless mistakes, and working at a reasonable pace" (Tr. 14).  And the ALJ noted that Stapleton "assessed that the claimant was very capable and exceled in all subjects, but had difficulty with organization and following directions, which could all be disruptive" (Tr. 14-15).

7

(Tr. 15) is flawed. Without reviewing earlier medical records, it is impossible for the ALJ to have properly determined that "medical improvement occurred as of April 29, 2010" (Tr. 14). Unfortunately, the ALJ's mere reference to the CPD does not equate to a comparison of the original medical evidence and the new medical evidence required to make a finding of medical improvement. *See Freeman*, 739 F.2d at 566; *Soto v. Comm'r of Soc. Sec.*, No. 5:19-cv-568-Oc-MAP, 2020 WL 4048210, at *2 (M.D. Fla. July 20, 2020) (reversing and remanding ALJ's decision for failure to compare medical evidence, noting ALJ's mentioning of plaintiff's CPD did not equate to a comparison of original medical evidence to new medical evidence required to find medical improvement); *Jasper v. Colvin*, No. 8:16-cv-727-T-23AEP, 2017 WL 655528, at *4 (M.D. Fla. Jan. 31, 2017) (report and recommendation), *adopted at* 2017 WL 638389 (Feb. 16, 2017).

The ALJ did not substantively compare the prior and current medical evidence to determine whether it showed changes in the symptoms, signs, or laboratory findings associated with R.W.'s impairments, as required by 20 C.F.R. § 416.994a(c) and Eleventh Circuit precedent. In fact, she could not have because the only records in the administrative record that pre-date the CPD are from Dr. Ira Fialko, R.W.'s pediatrician dated October 26, 2010 through February 19, 2016 (Ex. B5F). The record does not contain any treatment records from R.W.'s speech-language therapist, occupational therapist, physical therapists, or mental health therapists, nor does it contain any teacher assessments pre-dating the CPD. Accordingly, the Commissioner has not met his burden of proving R.W. is no longer disabled. Given that the ALJ's decision did not apply the proper legal standards, the decision of the Commissioner is reversed and remanded for further administrative proceedings to apply the proper legal standards in determining whether Plaintiff experienced medical improvement.

## V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded for further administrative proceedings.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

ORDERED in Tampa, Florida on August 20, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE